Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership, LLP

KEVIN W. HERRING
BENJAMIN M. CREPS
999 Bishop Street, Suite 1400
Honolulu, Hawaii 96810
Telephone: (808) 539-0400
Facsimile: (808) 533-4945
kherring@awlaw.com
bcreps@awlaw.com

Attorneys for Defendant
*OVERMAN HAWAII INT'L – ALOHA
HAWAIIAN VACATIONS LLC, a North
Carolina Limited Liability Company, dba
OVERMAN HAWAII INT'L – ALOHA
HAWAIIAN VACTIONS LLC and/or
ALOHA HAWAIIAN VACATIONS -
OVERMAN HAWAII INT'L, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAΓI

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR, | ) | CASE NO. 17-00064 |
| | ) | (COPYRIGHT INFRINGMENT) |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | DEFENDANT OVERMAN |
| OVERMAN HAWAII INT'L - ALOHA | ) | HAWAII INT'L – ALOHA |
| HAWAIIAN VACATIONS LLC, a | ) | HAWAIIAN VACATIONS LLC, A |
| North Carolina Limited Liability | ) | NORTH CAROLINA LIMITED |
| Company, dba OVERMAN HAWAII | ) | LIABILITY COMPANY, DBA |
| INT'L – ALOHA HAWAIIAN | ) | OVERMAN HAWAII INT'L – |
| VACTIONS LLC and/or ALOHA | ) | ALOHA HAWAIIAN VACTIONS |
| HAWAIIAN VACATIONS - | ) | LLC AND/OR ALOHA |
| OVERMAN HAWAII INT'L, LLC; | ) | HAWAIIAN VACATIONS - |
| JOHN DOES 1-10; JANE DOES 1-10; | ) | OVERMAN HAWAII INT'L, |

| DOE CORPORATIONS 1-10; DOE | ) | LLC'S ANSWER TO COMPLAINT |
|---|---|---|
| PARTNERSHIPS 1-10; and DOE | ) | FILED ON FEBRUARY 13, 2017; |
| ASSOCIATIONS 1-10, | ) | COUNTERCLAIM; CERTIFICATE |
| | ) | OF SERVICE |
| Defendants. | ) | |

DEFENDANT OVERMAN HAWAII INT'L – ALOHA HAWAIIAN
VACATIONS LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY,
DBA OVERMAN HAWAII INT'L – ALOHA HAWAIIAN VACTIONS LLC
AND/OR ALOHA HAWAIIAN VACATIONS - OVERMAN HAWAII INT'L,
LLC'S ANSWER TO COMPLAINT FILED ON FEBRUARY 13, 2017

Comes now, DEFENDANT OVERMAN HAWAII INT'L – ALOHA

HAWAIIAN VACATIONS LLC, a North Carolina Limited Liability Company,

dba OVERMAN HAWAII INT'L – ALOHA HAWAIIAN VACTIONS LLC

and/or ALOHA HAWAIIAN VACATIONS - OVERMAN HAWAII INT'L, LLC

("**Defendant**") and answers as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraphs 1 and 3 of the Complaint

and therefore deny the same.

2.      Defendant admits the allegations contained in Paragraphs 2, 7, 8, 9, 10, 11, 12,

13, 14, 15, 16, and 17 of the Complaint; where public website statistics are

alleged, the actual statistics speak for themselves.

3.      Defendant denies the allegations contained in Paragraphs 10, 11, 15, 25, 26,

27, 28, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 46, 47, 48, 49, 52, and 53 of

the Complaint.

4.      Regarding Paragraph 4, 5, and 6 of the Complaint, Defendant admits that

Plaintiff's Complaint is styled as an action for copyright infringement, and that

the Complaint alleges jurisdiction based on 8 U.S.C. § 1391(b) and (c) and 28

U.S.C. § 1400(a); Defendant denies the remainder.

5.      Regarding Paragraphs 18, 19, 20, 21, 22, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations and

also denies the Paragraphs to the extent they contain errant legal conclusions;

where documents are referenced, the documents speak for themselves.

6.      Defendant denies Paragraphs 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36,

37, 38, 40, 41, 42, 43, 44, 45 as they contain allegations of ultimate facts yet to

be proven and errant legal conclusions; additionally, Defendant denies all

allegations of wrongdoing contained in these Paragraphs.

7.      Paragraphs 28 and 39 contain no allegations and are denied.

8.      With respect to the allegations contained in Paragraphs A, B, C, D, and E of

the Complaint, the Plaintiff's prayer for relief speaks for itself; Defendant

denies all liability in connection with the same.

9.      Any Paragraphs not specifically referenced or answered are denied.

FIRST DEFENSE

A.      The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

B.     Plaintiff's claim is brought in bad faith as Plaintiff is a serial litigator, whose

pattern and practice of copyright infringement abuses the protections afforded

by copyright law, using the law and specter of court process as an income-

generating sword rather than an equitable shield.

## THIRD DEFENSE

C.     Any innocent use of Defendant's work by Plaintiff is the result of

Defendant's own acts, inducements, negligence, and or fraud; in the

alternative, any such works were abandoned by Plaintiff.

## FOURTH DEFENSE

D.     Plaintiff is barred from obtaining any of the relief he seeks herein by the

defenses of express or implied consent, permission or license and/or

assignment.

## FIFTH DEFENSE

E.     Plaintiff is barred by the defense of acquiescence from obtaining any of the

relief he seeks herein.

## SIXTH DEFENSE

F.     Plaintiff is barred from obtaining any of the relief he seeks herein by the

doctrine of misuse of copyright.

## SEVENTH DEFENSE

G.    Plaintiff lacks a valid copyright in and to the subject works; alternatively, the subject works are not entitled to copyright protection and must be canceled.

## EIGHTH DEFENSE

H.    Plaintiff has not complied with the statutory formalities of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. ("1976 Act").

## NINTH DEFENSE

I.    Plaintiff is barred from obtaining any of the relief he seeks herein by the doctrine of unclean hands.

## TENTH DEFENSE

J.    Defendant's alleged use of the Subject Work constitutes fair use.

## ELEVENTH DEFENSE

K.    Defendant's alleged use of the Subject Work was done with an innocent intent and without belief that any acts of Defendants constituted an infringement of any copyright rights of Plaintiff.

## TWELFTH DEFENSE

L.    Plaintiff is barred from obtaining any of the relief he seeks herein by the principle of improper copyright notice.

## THIRTEENTH DEFENSE

M.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

doctrine of abandonment.

## FOURTEENTH DEFENSE

N.      Defendant intends to rely on the defense that the Plaintiff's claims are barred

by the equitable doctrine of laches and that all applicable statutes of

limitation have expired.

## FIFTEENTH DEFENSE

O.      Plaintiff is barred by public policy from obtaining any of the relief he seeks.

## SIXTEENTH DEFENSE

P.      Plaintiff is barred from obtaining any of the relief he seeks herein because he

made false or misleading submissions to the Copyright Office.

## SEVENTEENTH DEFENSE

Q.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

First Amendment to the United States Constitution.

## TWENTIETH DEFENSE

R.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

doctrine of estoppel.

## TWENTY-FIRST DEFENSE

S.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

doctrines of archetypal imagery and Scenes a Faire.

## TWENTY-THIRD DEFENSE

T.      Plaintiff's claim for statutory damages and attorneys' fees under copyright

law are barred by the commencement rule under § 412(1)(2) of the 1976 Act

(17 U.S.C. § 412(1)(2)).

## TWENTY-FOURTH DEFENSE

U.      Plaintiff is barred from obtaining any of the relief he seeks herein because

Plaintiff has failed to establish facts sufficient to subject Defendants to

liability under applicable law.

## TWENTY-FIFTH DEFENSE

V.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense that Plaintiff knowingly and voluntarily assumed the risk of his

damages and is therefore barred from recovery.

## TWENTY-SIXTH DEFENSE

W.      Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of avoidable consequences.

## TWENTY-SEVENTH DEFENSE

X.     Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of comparative negligence.

## TWENTY-EIGHTH DEFENSE

Y.     Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of comparative bad faith.

## TWENTY-NINTH DEFENSE

Z.     Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense that if Plaintiff sustained any harm and/or damages as alleged in the

Complaint, said harm and/or damages were proximately caused by Plaintiff's

own actions and/or by one or more unnamed third parties, and not by

Defendants.

## THIRTHIETH DEFENSE

AA.   Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of the malice, intent, knowledge or other condition of mind of

Plaintiff.

## THIRTY-FIRST DEFENSE

BB.   Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of mistake.

## THIRTY-SECOND DEFENSE

CC.   Plaintiff is barred from obtaining any of the relief he seeks herein by the

defense of failure to mitigate damages.

## THIRTY-THIRD DEFENSE

DD.   Plaintiff is barred from obtaining any of the relief he seeks herein by the

defenses identified in Rules 8 and 12 of the Federal Rules of Civil

Procedure.

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

**I.**      That Plaintiff take nothing by his Complaint herein, that judgment be

entered against Plaintiff on each claim contained in the Complaint and that the

Complaint be dismissed;

**II.**     That Defendants have and recover their costs incurred herein,

including reasonable attorneys' fees to the extent allowed by law; and

**III.**    For such other and further relief as the court deems just and proper,

including punitive damages as sanction for abuse of copyright law.

DATED: Honolulu, Hawaii, April 4, 2017.

_/s/ Benjamin M. Creps_____
KEVIN W. HERRING
BENJAMIN CREPS
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR, | ) | CASE NO. 17-00064 |
| | ) | (COPYRIGHT INFRINGMENT) |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | COUNTERCLAIM |
| OVERMAN HAWAII INT'L - ALOHA | ) | |
| HAWAIIAN VACATIONS LLC, a | ) | |
| North Carolina Limited Liability | ) | |
| Company, dba OVERMAN HAWAII | ) | |
| INT'L – ALOHA HAWAIIAN | ) | |
| VACTIONS LLC and/or ALOHA | ) | |
| HAWAIIAN VACATIONS - | ) | |
| OVERMAN HAWAII INT'L, LLC; | ) | |
| JOHN DOES 1-10; JANE DOES 1-10; | ) | |
| DOE CORPORATIONS 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; and DOE | ) | |
| ASSOCIATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COUNTERCLAIM

Counterclaimant DEFENDANT OVERMAN HAWAII INT'L – ALOHA HAWAIIAN VACATIONS LLC, a North Carolina Limited Liability Company, dba OVERMAN HAWAII INT'L – ALOHA HAWAIIAN VACTIONS LLC and/or ALOHA HAWAIIAN VACATIONS - OVERMAN HAWAII INT'L, LLC ("**Counterclaimant**"), for a Counterclaim against the above-named Counterclaim Defendant VINCENT KHOURY TYLOR ("**Counterclaim Defendant**"), alleges as follows:

I.  PARTIES

1.     Counterclaimant is and was at all times relevant a limited liability company organized under the laws of the State of North Carolina.

3.     Counterclaim Defendant is and was at all times relevant a resident of the State of Hawaii.

II. JURISDICTION

4.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between Counterclaimant and Counterclaim Defendant.

5.     This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1338 in that this action arises under the Copyright Laws of the United States, Title 17, United States Code.

6.     Venue is satisfied by the presence of Counterclaim Defendant in this judicial district.

III. FACTS

7.     The averments of the Answer to the Complaint, including the affirmative defenses thereto, are incorporated herein by reference.

8.     Counterclaim Defendant has alleged he is the author of certain photographs that are the subject matter of his complaint in the above-captioned matter.

9.     Upon information and belief, at various times after taking said photographs, Counterclaim Defendant caused those photographs to be published on the internet, absent notice of copyright protection, and affirmatively invited the public to freely copy and use them by allowing said photographs to be made available on websites which represented that the photographs were free and available for unlimited, perpetual, world-wide, and non-exclusive use ("**Free Image Databases**").

10.     Counterclaimant operates a website and maintains a presence on various social media sites; upon information and belief, the developer of Counterclaimant's website obtained the subject photographs from Free Image Databases and incorporated the photographs into Counterclaimant's website.

11.     By publishing his photographs on the Internet in the manner aforesaid and permitting his photographs to fall under the guise of the public domain, Counterclaim Defendant has created a scheme of entrapment to defraud members of the public by seeding his photographs in Free Image Databases then suing for copyright infringement.

12.     As further proof of bad faith conduct and improper motive, Counterclaim Defendant did <u>not</u> contact or otherwise provide notice to Counterclaimant requesting removal of the allegedly infringing works; instead, the first notice Counterclaimant received was by service of the Complaint herein.

13.     The actions of Counterclaim Defendant as described were done maliciously, fraudulently, and as part of a scheme to abuse process for profit.

14.     Counterclaimant's use of the photographs were at a minimum fair use and done pursuant to invitation by Counterclaim Defendant and/or his agents and co-conspirators.

15.     Counterclaimant immediately commenced removal of the subject photographs once served by the Complaint herein.

16.     Based on the above, Counterclaimant is entitled to a judgment declaring that the use, if any, of the photographs in question was fair use within the meaning of the copyright law and/or used under an implied license.

17.     In committing the above acts and omissions, which separately constitute copyright misuse, Counterclaim Defendant and his agents acted intentionally, or at minimum, with such reckless disregard as to justify an award of punitive damages.

18.     Counterclaim Defendant is liable to Counterclaimant for punitive damages in an amount to be proven at trial.

## IV.     CAUSES OF ACTION

COUNT I
DECLARATORY JUDGMENT

19.    Counterclaimant realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 18 above as if said paragraphs were fully set forth herein.

20.    Under 28 U.S.C. §§ 2201 and 2202, Counterclaimant is entitled to a judgment declaring that:

a.    the use, if any, of the photographs in question was fair use within the meaning of the copyright law;

b.    that Counterclaimant did not infringe on any legitimate copyright interest of Counterclaim Defendant;

c.    that Counterclaim Defendant is estopped from asserting any copyright interest because of their actions;

d.    that Counterclaim Defendant is barred from relief by the doctrine of laches and unclean hands;

f.    that Counterclaim Defendant is guilty of such gross misconduct that they are liable for attorneys' fees and costs;

g.    that Counterclaim Defendant's actions violate Rule 11 and 28 U.S.C. § 1927; and

h.    that Counterclaimant be awarded its damages according to proof.

COUNT II
VIOLATIONS OF H.R.S. CHAPTER 480

21.     Counterclaimant realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 20 above as if said paragraphs were fully set forth herein.

22.     Counterclaimant is a "consumer" and "person" as those terms are defined in Hawaii Revised Statutes ("**HRS**") Chapter 480-1, and the above-described acts and practices involved "trade or commerce," as that term is defined in HRS § 480-2 (a).

23.     An unfair or deceptive act or practice ("**UDAP**") committed in the conduct of any trade or commerce is unlawful under HRS § 480-2(a).

24.     Counterclaim Defendant has engaged in UDAPs that violate HRS § 480-2 (a), including but not limited to offering to the public the photographs on Free Image Databases and inviting the public to use the same free of charge solely for the purpose of ensnaring members of the public into copyright infringement controversies for financial profit.

25.     The actions of Counterclaim Defendant as above-described was done maliciously, fraudulently, and as part of a scheme to abuse process for profit.

26.     The conduct above-described conduct has injured Counterclaimant.

27.	Counterclaimant is entitled to injunctive relief and a sum not less than $1,000 or threefold any damages sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit under HRS § 480-13.

28.	As described above, Counterclaim Defendant and his agents and representatives have violated HRS Chapter 480 by engaging in unfair trade acts and practices and/or other wrongful and/or intentional conduct in violation of HRS Chapter 480.

29.	As a direct and proximate result of Counterclaim Defendant's actions, Counterclaimant has suffered irreparable and pecuniary damages in an amount to be shown at trial.

COUNT III<br>ABUSE OF PROCESS

30.	Counterclaimant realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29 above as if said paragraphs were fully set forth herein.

31.	By filing the underlying complaint in this Court, Counterclaim Defendant seeks to misuse copyright protection by willfully filing suit for an impermissible collateral purpose of furthering its scheme of entrapment as aforesaid.

32.    As a proximate result of Counterclaim Defendant's above-described actions, Counterclaimant has suffered general damages in an amount to be proven at trial.

33.    At all times mentioned herein, Counterclaim Defendant acted wantonly, oppressively or with such malice that Counterclaimant is entitled to recover punitive damages.


V.    PRAYER FOR RELIEF

WHEREFORE, Counterclaimant asks that the Court enter an order against Counterclaim Defendants as follows:

1.    That Plaintiff/Counterclaim Defendant takes nothing by his Complaint and that Defendant/Counterclaimant be awarded a judgment in its favor on the claims in Plaintiff's Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That on Defendant/Counterclaimant's counterclaim for declaratory judgment, the Court declare:

a.    that Defendant/Counterclaimant did not infringe on any legitimate copyright interest of the Plaintiff;

b.    that Plaintiff/Counterclaim Defendant is estopped from asserting any copyright interest because of their actions and unclean hands;

1966172.1                                  8

c.     that Plaintiff/Counterclaim Defendant is barred from relief under the doctrine of laches;

d.     that the actions of Plaintiff/Counterclaim Defendant was inequitable and therefore he is barred from relief of any type;

e.     that Plaintiff/Counterclaim Defendant is guilty of such gross misconduct that he is liable for attorneys' fees and costs;

f.     that Plaintiff/Counterclaim Defendant's actions are found to be in violation of Rule 11 and 28 U.S.C. § 1927; and

g.     that Defendant/Counterclaimant be awarded its damages according to proof;

4.     That Defendant/Counterclaimant be granted a preliminary and permanent injunction;

5.     That Defendant/Counterclaimant be awarded its damages according to proof;

6.     That the Court award Defendant/Counterclaimant its costs and expenses incurred herein, including reasonable attorneys' fees under 17 U.S.C. § 505;

7.     That Defendant/Counterclaimant be awarded punitive damages; and

8.     That the Court award such other and further relief as the Court may deem just and proper.

/ /

DATED: Honolulu, Hawaii, April 4, 2017.

_____/s/ Benjamin M. Creps_____
KEVIN W. HERRING
BENJAMIN CREPS
Attorney for Defendant